UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Jessica M. Brown,<br><br>                     Plaintiff,<br><br>v.<br><br>AMA/NYAG for Walmart LLC,<br><br>                     Defendant. | Case No. 2:24-cv-00471-JAD-DJA<br><br>**Order** |

Florence McClure Women's Correctional Center inmate, Plaintiff Jessica M. Brown, submitted initiating documents to the Court which include an application to proceed *in forma pauperis* and a civil rights complaint. (ECF Nos. 1, 1-1). The Court denied that application without prejudice because Plaintiff did not include a financial certificate or inmate account statement. (ECF No. 3). Plaintiff filed a new application, which the Court also denied. (ECF Nos. 4, 5).

Plaintiff then filed a complete application. (ECF No. 6). Because that application is complete, the Court grants it and will screen Plaintiff's complaint. Because the Court grants Plaintiff's complete application, it denies her subsequent applications as moot. (ECF Nos. 7, 8, 11, 13). The Court also denies Plaintiff's motions for appointment of counsel (ECF Nos. 9, 12, 14) and to extend time (ECF No. 10).

**I.     *In forma pauperis* application.**

Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee). (ECF No. 6). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). Subsequent applications are denied as moot. (ECF Nos. 7, 8, 11, 13). The Court will now screen Plaintiff's complaint.

## II.     Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening Plaintiff's complaint.**

Plaintiff sues Defendant AMA/NYAG for Walmart ("Walmart") for damages, alleging one claim for attempted assault. (ECF No. 1-1). Plaintiff alleges that, in October of 2016, she was stopped in Walmart for shoplifting. (*Id.* at 3). Plaintiff asserts that she was wrongfully accused because she was not near the "point of sale" when she was stopped and was having a "mental episode." (*Id.*). The employee who stopped her walked her to the front aisles where Plaintiff gave back the items. (*Id.*). The employee then lunged at Plaintiff, attempting to grab her and telling her that she could not let her leave. (*Id.*). Plaintiff then "ma[c]ed" the employee. (*Id.*).

Plaintiff has not sufficiently alleged the Court's basis of jurisdiction. She checks the box for jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983, but she does not assert that she was deprived of her rights by a defendant acting under color of state law. Instead, Defendant Walmart is a private actor, not a state actor. It appears that Plaintiff's claims might be more appropriately in this Court under diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (explaining that jurisdiction exists where the matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000"). But Plaintiff has not alleged the states in

which she or Walmart are citizens. She has also not alleged the value of the relief she seeks. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.[1] The Court notes that the jurisdictional issues are likely because Plaintiff has written her complaint on a form intended for civil rights claims. The Court will thus send Plaintiff a civil complaint form that may be more appropriate for her claims. Plaintiff may use this form to draft her amended complaint.

### IV.    Plaintiffs' motions for appointment of counsel and to extend time.

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not shown exceptional circumstances for the appointment of counsel. As outlined above, it is not clear that Plaintiff's complaint will succeed on the merits because it has not passed screening. Additionally, while Plaintiff has had difficulty following the Court's instructions, she was able to file a complete application to proceed without paying the filing fee. The Court thus denies her motions for appointment of counsel.

Plaintiff also asks that the Court extend time. But it is unclear what deadline she seeks to extend. The Court thus denies this request.

---

[1] The Court notes that there are other problems with Plaintiff's complaint, including the statute of limitations. Nevada has a two-year statute of limitations for assault claims, so Plaintiff's claims arising out of the October 2016 incident are likely time barred. *See* Nevada Revised Statute ("NRS") 11.190(4)(c).

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Florence McClure Women's Correctional Center will forward payments from the account of **Jessica Brown, Inmate No. 1175563**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 16, 2024,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

      **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of the form Complaint for a Civil Case, which can be found online at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.  Plaintiff may use this form to draft her amended complaint.

      **IT IS FURTHER ORDERED** that Plaintiff's subsequent applications to proceed *in forma pauperis* (ECF Nos. 7, 8, 11, 13) are **denied as moot.**

      **IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (ECF Nos. 9, 12, 14) are **denied.**

      **IT IS FURTHER ORDERED** that Plaintiff's motion for extension (ECF No. 10) is **denied.**

DATED: April 17, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE